UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c) AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND PURSUANT TO 28 U.S.C. § 1447(e) (Dkt. 12, filed on October 22, 2026)

## I. INTRODUCTION

On June 16, 2026, plaintiff Marharyta Pohosian ("plaintiff") filed this action in Los Angeles County Superior Court against defendants IKEA US Retail, LLC ("IKEA"), ISS Facility Services, Inc. ("ISS"), and Does 1 through 50, inclusive (collectively, "defendants"). Dkt. 1-1 ("Complaint" or "Compl."). Plaintiff asserts two claims for relief against all defendants: (1) negligence; and (2) premises liability. Id.

On September 22, 2026, IKEA removed the action to this Court with the consent of ISS based on diversity jurisdiction. Dkt. 1.

On October 22, 2026, plaintiff filed the instant motion to remand the action to Los Angeles County Superior Court. Dkt. 12 ("Motion" or "Mot."). On November 2, 2026, IKEA filed an opposition. Dkt. 15 ("IKEA Opp."). That same day, ISS filed an opposition. Dkt. 16 ("ISS Opp."). On November 9, plaintiff filed a reply to IKEA's opposition, dkt. 18 ("Reply (IKEA)"), and a reply to ISS's opposition, dkt. 19 ("Reply (ISS)").

On November 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

## II. BACKGROUND

In her Complaint, plaintiff alleges that she was a lawful invitee at the IKEA store in Burbank, California. See generally Compl. Plaintiff alleges that while shopping on the second floor of the store, she slipped on a slippery substance on the floor, fell, and struck her head (the "Incident"). Id. Plaintiff alleges that her injuries have required emergency care, diagnostic imaging, neurological treatment, chiropractic care, pain management, and orthopedic care. Id.

Based on the alleged Incident and the injuries she allegedly incurred from it, on June 16, 2026, she brought suit against defendants in Los Angeles County Superior Court, Case No. 26NNCV04785, asserting claims for negligence and premises liability. See generally id. Plaintiff did not allege any numeric figure for damages in her Complaint.

On August 21, 2026, plaintiff served IKEA's counsel by email with Requests for Admission, Set One. Mot. at 5 (citing Hartsfield Decl. ¶ 3, Ex. 2). Request for Admission No. 10 asked IKEA to "[a]dmit that as a result of the SUBJECT INCIDENT, PLAINTIFF suffered damages in excess of $500,000." Id. IKEA's counsel replied to the service email the same day. Id.

On September 8, 2026, in response to IKEA counsel's request for a settlement demand, plaintiff served on IKEA a settlement demand of $840,000 via email. Dkt. 1.

On September 22, 2026, IKEA, with ISS's consent, filed a Notice of Removal invoking diversity jurisdiction in this Court. Dkt. 1. In that Notice of Removal, IKEA asserted that plaintiff's September 8, 2026 settlement demand was "the first notice in writing subsequent to the filing of this action that the amount in controversy exceeded $75,000." Id.

## III. LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

There are three pathways for removal of an action from state court based on diversity jurisdiction. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first and second pathways are contained in 28 U.S.C. § 1446(b) and impose thirty-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway comes from section 1446(b)(1), which requires a notice of removal to be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The second pathway comes from section 1446(b)(3), which provides that if the initial pleading does not indicate the case is removable, the thirty-day clock starts running when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); see Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692-93, 695 (9th Cir. 2005). Such "amended pleading, motion, order or other paper" must make a ground for removal "unequivocally clear and certain." Dietrich, 14 F.4th at 1095.

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court." Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1061 (9th Cir. 2021) (citing Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004)). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

## IV. DISCUSSION

### A. The Parties' Arguments

The parties do not dispute that complete diversity of citizenship is satisfied or that the amount in controversy exceeds $75,000. See generally Dkt. 1; Mot; IKEA Opp.; ISS Opp.; Reply (IKEA); Reply (ISS).

However, plaintiff argues that this Court should remand the action to Los Angeles County Superior Court because IKEA's removal was untimely. See generally Mot. Specifically, plaintiff argues that its Request for Admission ("RFA") No. 10—served on IKEA on August 21, 2026—provided IKEA with notice that more than $75,000 was at stake. Id. Plaintiff argues that, because IKEA removed this case 32 days after the service of her RFA No. 10, the Court should grant her Motion. Id.

IKEA counters that plaintiff's RFA No. 10 did not constitute "other paper" under Section 1446(b)(3). IKEA Opp. 1-2. IKEA maintains that the first notice it had that the amount in controversy exceeded $75,000 was the settlement demand plaintiff served on September 8, 2026. Id. IKEA argues that because its September 22, 2026 removal occurred within 30 days of plaintiff's September 8, 2026 settlement demand, it timely removed the action to federal court. Id.

ISS also opposes plaintiff's Motion and makes two arguments. First, ISS argues that "nothing has been served on ISS that provides notice that [p]laintiff's damages exceeded $75,000" and that because it "can still file to remove the case to federal court," the Court should deny plaintiff's Motion. ISS Opp. at 2. ISS specifically argues that plaintiff served the RFA No. 10 and the settlement demand only on IKEA, not ISS. Id. Second, ISS argues that because plaintiff's counsel did not meet and confer with ISS's counsel prior to filing this motion in violation of C.D. Cal. L.R. 7.3, the Court should deny plaintiff's Motion. Id. at 3.

### B. The Court's Findings

As a preliminary matter, the Court finds ISS's arguments unpersuasive. The notice of removal at issue before the Court is the one filed by IKEA with ISS's consent. That ISS could still timely remove the action, or that it purportedly would have done so had IKEA not removed, does not affect the Court's analysis on whether IKEA's removal was timely. To the extent that ISS contends this Court should deny plaintiff's Motion because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

plaintiff did not meet and confer with ISS, the Court declines to do so but admonishes the parties to comply with the Local Rules in the future.

Turning to the issue before the Court: whether plaintiff's RFA No. 10 constitutes "other paper" under the meaning of Section 1446(b)(3) so that its date of service triggered the 30-day clock for removal for IKEA. The Court concludes that it does.

"Under § 1446(b), courts interpret the reference to 'other paper' broadly." Rice v. Equifax Info. Servs., LLC, No. CV 09-7864 PSG (Ex), 2010 WL 128369, at *2 (C.D. Cal. Jan. 11, 2010) (internal citations omitted). Indeed, even the sole authority cited by IKEA on this question acknowledges that "[c]ourts have considered requests for admission as evidence to support a motion to remand." Ayala v. American Airlines, Inc., No. 2:22-cv-07549-JLS-MAR, 2023 U.S. Dist. LEXIS 13046, at *3 (C.D. Cal. Jan. 24, 2023); see, e.g., DeJohn v. AT&T Corp., No. 10-07107, 2011 U.S. Dist. LEXIS 1661, 2011 WL 9105, at *2 (C.D. Cal. Jan. 3, 2011) (recognizing that plaintiffs' written discovery requests constitute "other paper" under 28 U.S.C. § 1446(b), which allows a defendant to remove "within 30 days after receipt . . . [of an] other paper from which it may first be ascertained that the case is one which is . . . removable"); Dougherty v. Cerra, 987 F. Supp. 2d 721, 726 (S.D. W. Va. 2013) ("The Court must first determine whether Plaintiff's requests for admissions and April 10th Memorandum are the type of documents which constitute 'other papers' under 28 U.S.C. § 1446(b). The Court concludes that they are.").

Accordingly, the Court concludes that plaintiff's RFA No. 10 falls within the meaning of "other paper" as contemplated by 28 U.S.C. § 1446(b)(3).

IKEA's brief, three-paragraph argument on the timeliness of its removal appears to primarily focus on that narrow question, which the Court has already answered in plaintiff's favor. Although it is less than clear, to the extent that IKEA appears to additionally argue that plaintiff's RFA No. 10 did not allow IKEA to sufficiently ascertain the amount in controversy to trigger the 30-day clock pursuant to Section 1446(b)(3), the Court is likewise unpersuaded.

IKEA relies on the following language from Ayala seemingly to argue that plaintiff's RFA No. 10 did not give IKEA notice of the action's removability: "[I]t is too speculative to conclude that Plaintiff values her non-economic damages at more than $500,000 on the basis of a request for admission. Guesswork about the intent behind a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA **JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

request for admission is not sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000." Mot. at 2 (citing Ayala, 2023 U.S. Dist. LEXIS 13046, at *4). But this authority does not help IKEA. The Ayala court was faced with a different inquiry: whether the defendant had established, by *a preponderance of the evidence*, that the amount in controversy exceeded $75,000. In other words, the inquiry was focused on proving the amount in controversy itself.

Here, by contrast, the inquiry is on timeliness of removal; specifically, whether RFA No. 10 provided IKEA with a paper from which it could ascertain that the case was removable, thereby triggering the thirty-day removal clock. These are separate and distinct inquiries with different standards. See Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co., 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin.").

The test in the Ninth Circuit for assessing timeliness pursuant to 1446(b)(3) is whether the paper makes removability "unequivocally clear and certain." Dietrich, 14 F.4th at 1095. Here, the Court concludes that plaintiff's RFA No. 10 did so. Plaintiff's RFA No. 10 asked IKEA to "[a]dmit that as a result of the SUBJECT INCIDENT, PLAINTIFF suffered damages in excess of $500,000." Mot. at 5 (citing Hartsfield Decl. ¶ 3, Ex. 2). This adequately supplied IKEA with plaintiff's own estimation of the value of her claims, from which IKEA could ascertain removability. See John Hunter, Inc. v. Great Impressions Apparel, Inc., 313 F. Supp. 2d 644, 646 (N.D. Tex. 2002) (concluding that "a request for admissions constitutes 'other paper' under 28 U.S.C. § 1446(b)" because "it is equally appropriate to consider a list of requests for admission [as it is to consider written settlement offers and demand letters] regarding various damage amounts to be equally indicative of a Plaintiff's intention to seek an amount of damages"); Garvin Agee Carlton, P.C. v. Brent W. Coon, P.C., No. CIV-18-1053-D, 2019 U.S. Dist. LEXIS 82812, at *11 (W.D. Okla. May 16, 2019) ("The submission of discovery requests was a voluntary act on the part of Plaintiff which provided the information necessary for Brent to construe its calculation of the amount in controversy."); see also Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007) (concluding that a settlement letter estimating damages in excess of the jurisdictional minimum was sufficient to ascertain removability); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
|---|---|---|---|
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

Consequently, the 30-day clock began ticking on August 21, 2026—the date IKEA received plaintiff's RFA No. 10. Thirty days from that date is September 20, 2026. However, because September 20, 2026 is a Sunday, IKEA had until Monday, September 21, 2026. Fed. R. Civ. P. 6(a)(1)(C).

Accordingly, IKEA's September 22, 2026 removal is untimely. Because the Court grants plaintiff's Motion on this basis, it does not reach plaintiff's alternative arguments for remand pursuant to Section 1447(e).[1]

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand to Los Angeles County Superior Court.

---

[1] At the November 23, 2026 hearing, IKEA argued that a plaintiff's request for admission, in and of itself, cannot suffice to give defendants notice of the action's removability and that it is not aware of a case from federal courts in California finding to the contrary. But in DeJohn v. AT&T Corp., another court in this District remanded the action after concluding that the defendants "could have ascertained the removability of the action from [the plaintiffs'] discovery requests." 2011 U.S. Dist. LEXIS 1661, at *5 (C.D. Cal. Jan. 3, 2011).

IKEA next argued that the cases cited by the Court deal with either an admission or a failure to respond by a defendant deemed to be an admission. However, DeJohn, John Hunter, and Dougherty all considered the discovery requests themselves; none discusses a defendant's admission or failure to respond as a basis for its analysis. The same goes for the additional authority (Garvin) that the Court has included since the issuance of the tentative.

Finally, IKEA argued that, in any event, the Court should not rely on plaintiff's RFA No. 10 because it is no longer pending before any court. Specifically, IKEA argued that because it removed the case to federal court before its response to RFA No. 10 was due, RFA No. 10 has nothing to do with the matter. As the Court explained at the hearing, the question is not whether RFA No. 10 remains pending. Rather, the question is whether, while RFA No. 10 *was* pending in the state court, it provided notice of the amount in controversy so that IKEA could ascertain the action's removability. The Court reiterates that, yes, it did.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-10797-CAS-E | Date | November 25, 2026 |
| Title | Marharyta Pohosian v. IKEA US Retail LLC et al | | |

IT IS SO ORDERED.

| | |
|---|---|
| | : |
| Initials of Preparer | VRV |